IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

Amanda D Tucker
_____, Plaintiff

v.

See Attached
_____,

_____,

_____,

_____, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

**Defendants**

Colorado Physician Health Partners

Sarah Early

Doris Gundersen

Joyce Davidson

Amanda Gibson/ Parry

Michael Gendel

Heidi Letko

A. **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Amanda D Tucker , P.O Box 2344, Aspen , Co 81612
(Name and complete mailing address)

970-820-8540 , atuckermd@yahoo.com
(Telephone number and e-mail address)

B. **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: CPHP 899 Logan St # 410, Denver, CO 80203
(Name and complete mailing address)

(303) 860-0122
(Telephone number and e-mail address if known)

Defendant 2: See Attached Defendants , 899 Logan St # 410, Denver, CO 80203
(Name and complete mailing address)

( 303) 860-0122
(Telephone number and e-mail address if known)

Defendant 3: _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

Defendant 4: _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

2

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

☑ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

American with Disabilities Act  28 CFR 35. 104
_____

_____

☐ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

**D.   STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Violation of American Disabilities Act  28 CFR part 35 "Direct Threat"

Supporting facts:

**Claim One: Violation of the American for Disabilities Act**

Background

Defendants in this action are all employees/ contractors of Colorado Physician Health Partners, a "peer assistance program" funded by the State of Colorado at around $7,000,000 per annum. Defendants are not a health oversight agency and have no legal immunity.

Defendants are a controversial group because they, for 33 years have held a "sole source " contract, legally prohibited both by State and Federal Law.

This sole source contract, which pre-dates the American Disability Act of 1991 is notable as a comfortable unlawful contract that removes the requirements of competition and other laws. Both parties know that neither upholds the required laws, and this will not be policed

Over the years, until June 2019, this contract became a tool of abuse and irrational punishment for those who were non-negotiably required to report to defendants, who without qualm nor conscience, routinely violates the American for Disabilities Act, without concern for repercussion, because of the sole source nature of this contract, as in the preceding 33 years.

Defendants routinely and randomly, declare individuals a "Direct Threat" with full knowledge that the Division of Professions and Licensing will automatically and immediately remove employment in the most public and degrading manner possible, so removing future employability, for no reason whatsoever.

In June 2019, for the first time, the State of Colorado required defendants to formally meet the "competitive "requirements and they failed to do so.

In this meeting, for the first time, it became public knowledge that defendants' action was not legally endorsed by the State of Colorado. This meeting tolled the statute of limitations for ADA claims

The result of this public meeting and declarations was that the State of Colorado have currently failed to renew this contract and defendants and their actions are under well-deserved scrutiny, as to the harmful practices of these individuals.

Plaintiff is one of numerous individuals destroyed by these clearly documented and indisputable practices, that only became aware in May 2019.

Introduction and Finding of Fact

In May 2015, the Division of Professions and Occupations (DPO) made an admitted licensing error when they failed to consider around 90% and 40 years of plaintiff's routine application to re-activate her Colorado Medical License she has held since 1990 without issue or blemish.

After two years of document review verifying plaintiffs' credentials, active license and practice in primary care medicine, the Division of Professions and Occupations issued an erroneous high-risk specialty specific, quaternary care hospital-based <u>student license</u> in a specialty plaintiff did not, and could not practice, the DPO lost/failed to consider 90% of plaintiffs licensing file.

When plaintiff could not use this license, instead of simply correcting this documented error, the Division of Professions and Occupations required plaintiff to undergo and "evaluation" to exclude a "disability"

This referral and question invoked plaintiffs' rights under the American with Disabilities Act.

From July to December 2015 undertook two in-take appointments with defendants. On the third appointment in December 2015, defendants formally referred this evaluation to a third-party sub-contractor.

Defendants required plaintiff to "identify an appropriate evaluator " which she did within three weeks and commenced this evaluation.

Two weeks after the commencement of this evaluation, plaintiff found defendants to be unavailable and wrote three letters (one per week) requesting defendants' attention, and reporting that she had commenced this evaluation with appropriate signed releases.

Plaintiffs provider also attempted to contact defendants but similarly received no response or communication

Plaintiff therefore, through necessity, reported defendant's unavailability and lack of response to the Colorado Medical Board who did intervene on her behalf.

Two weeks later plaintiff received formal notification from the Division of Professions and Occupations that defendants had both deemed her "non-compliant " and a "Safety Threat " although after December 2015, defendants had no medical role whatsoever in plaintiff's evaluation.

There was no diagnosis of any condition under GFR 28.35.139, and the requested evaluation had only just began.

Defendants February 2016 "Safety Threat " nameless diagnosis without evaluation did not fulfil the GFR 28. 104 requirements of a Direct Threat confirming a ***"significant risk to the health and safety of others that cannot be eliminated by a modification of policies, practices or procedures or by the provision of auxiliary aids or services"***

Defendants simply filed a report three weeks into the third-party evaluation they requested, and stood back and harmed

Defendants have refused to write any report to correct this designation although this was the subject of each and every administrative meeting thereafter

This information only came available after the May 2019, at defendants public hearing explaining the tolling and extension of the normal statute of limitations

**Claim Two: Violation of the Americans with Disabilities Act July 2017.**

Unable to be employed because of defendants' violations of the American Disability Act plaintiff left the state of Colorado, to attend an Advanced Physician Institute, where she completed board certification equivalency in seven different areas of medicine

Plaintiff therefore had no direct contact with defendant other than an occasional 20 to 30-minute administrative meeting to discuss Claim one, and to request defendant correct their reports, which they refused.

Plaintiff had been selected by the State of Colorado to receive a considerable scholarship for these studies. This program was halted solely by defendants' violations of the ADA and other misrepresentations

Plaintiff did continue the required medical appointments and evaluation with the sub-contractor, and this evaluation was reported as required to defendants in February 2017.

Plaintiff did have a medical relationship with this sub-contractor, Plaintiff had no medical relationship with defendants

This evaluation showed she had no condition disability whatsoever. This sub-contractor evaluation was the only medical evaluation under taken and available.

Defendant several thousand miles away with contact of 20-30-minute phone call every six months or so had no idea what plaintiff was doing.

Out of the blue six months after completion of this evaluation. Plaintiff learned that defendants had again violated the American with Disabilities Act and again entirely misrepresented their administrative duties to the Division of Professions and Occupations and filed another report stating that defendant had yet another condition that prevented employment under the American with Disabilities Act

Plaintiff was advised that her first condition had vanished and this suspension of her medical license attributable to this "Direct Threat" Condition could be lifted

Plaintiff was then advised that, at a distance of 3000 miles away, and without one medical appointment, six months after the conclusion of her actual medical evaluation, that defendant had "diagnosed " yet another condition that made her another Safety Threat " which could not be accommodated.

Plaintiff only became aware of this information on May 2019 in the public hearings of defendant's actions hence tolling any statute of limitation

Since the 1990's, state medical boards have resisted challenges to their regulatory regimes by citing the "direct threat" exception of the ADA.

In making a finding of the presence of a direct threat that shields their actions from ADA scrutiny, they are not unregulated. Regulatory guidance exists about how a direct threat is defined and under what circumstances it can be found to exist. What follows is a representative excerpt (*vide infra*).

> **"§ 35.139 Direct threat.**
>
> - (a) This part does not require a public entity to permit an individual to participate in or benefit from the services, programs, or activities of that public entity when that individual poses a direct threat to the health or safety of others.
> - (b) In determining whether an individual poses a direct threat to the health or safety of others, a public entity must make an individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence, to ascertain: the nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk."

And,

> **"Direct Threat"**
>
> In Appendix A of the Department's 1991 title II regulation, the Department included a detailed discussion of "direct threat" that, among other things, explained that principles established in § 36.208 of the Department's [title III] regulation" were "applicable" as well to title II, insofar as "questions of safety are involved." 28 CFR part 35, app. A at 565 (2009). In the final rule, the Department has included an explicit definition of "direct threat" that is parallel to the definition in the title III rule and placed it in the definitions section at § 35.104.
>
> A "direct threat" is a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures, or by the provision of auxiliary aids or services. In *School Board of Nassau County v. Arline, 480 U.S. 273 (1987)*, the Supreme Court recognized that there is a need to balance the interests of people with disabilities against legitimate concerns for public safety. Although persons with disabilities are generally entitled to the protection of this part, a person who poses a significant risk to others will not be "qualified," if reasonable modifications to the public entity's policies, practices, or procedures will not eliminate that risk.
>
> The determination that a person poses a direct threat to the health or safety of others may not be based on generalizations or stereotypes about the effects of a particular disability. It must be based on an individualized assessment, based on reasonable judgment that relies on current medical evidence or on the best available objective evidence, to determine: the nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures will mitigate the risk. This is the test established by the Supreme Court in *Arline*. Such an inquiry is essential if the law is to achieve its goal of protecting disabled individuals from discrimination based on prejudice, stereotypes, or unfounded fear, while giving appropriate weight to legitimate concerns, such as the need to avoid exposing others to significant health and safety risks. Making this assessment will not usually require the services of a physician. Sources for medical knowledge include guidance from public health authorities, such as the U.S. Public Health Service, the Centers for Disease Control, and the National Institutes of Health, including the National Institute of Mental Health."

Relief Requested

1. Plaintiff request a jury trial

2. Plaintiff requests exemplary, punitive and compensatory harm for the damage knowingly inflicted by defendants for their violations of the American with Disabilities Act

3. Plaintiff requests reversal and expungement of the public declarations and harm made as a result of defendants Federal Violations

E.     **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

F.     **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_Amanda Amuso_
(Plaintiff's signature)

_8/22/2019_
(Date)

(Revised December 2017)